Bell, J.,
dissenting. My interpretation of the case of In re Will of Elvin, 146 Ohio St., 448, 66 N. E. (2d), 629, relied on so strongly by the majority herein, leads me to a conclusion which prevents my concurrence in the judgment herein.
The opponent of the will in the Elvin case conceded that there was evidence of due attestation and execution. The issue attempted to be raised on the application for probate was one of undue influence. I agree with the decision in the Elvin case to the extent that it holds that such an issue is one that should not be determined on an application for probate.
But 1 do not think the rule can, or should, be applied to a determination of whether the formal requisites of a will are satisfied. The words, “if it appears,” as they are used in Section 2107.18, Revised Code, contemplate the exercise of judgment by the probate judge. And the provision in Section 2107.181, Revised Code, for the examination and cross-examination of witnesses certainly contemplates more than just listening on the part of the probate judge. I believe that as to attestation and execution the probate judge is the trier of the facts and, as such, should determine the credibility of the witnesses.
WeygaNdt, C. J., and Herbert, J., concur in the foregoing dissenting opinion.